# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAI TAN NGUYEN,<br><br>        Petitioner,<br><br>  v.<br><br>DON TAYLOR, Warden,<br><br>        Respondent. | Civil No. 01cv0851 J (POR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO RETAX** |

Before the Court is Respondent's Motion to Retax Costs. [Doc. No. 89.] Petitioner Tai Tan Nguyen has filed an Opposition to the Motion. [Doc. No. 90.] The Court has determined that the issues presented herein are appropriate for decision without oral argument. *See* Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **DENIES** Respondent's Motion to Retax Costs.

*Background*

The underlying facts of this case are set forth in detail in the Court's Order Conditionally Granting Petition for Writ of Habeas Corpus and need not be recounted here. (*See* Order Cond. Grant. Pet. Writ Habeas Corpus ("Order") at 2-3, 5-7.) On June 13, 2006, this Court conditionally granted Petitioner's Petition for Writ of Habeas Corpus. [Doc. No. 71.] On October 27, 2006, this Court ordered entry of final judgment in favor of Petitioner. [Doc. No. 82.] On November 11, 2006, Petitioner submitted an Application for Bill of Costs. [Doc. No. 84.] On December 5, 2006, the Clerk of the Court taxed costs in favor of Petitioner in the

amount of $2,112.15.  (*See* Order Taxing Costs at 2.)  Respondent now brings this timely Motion to Retax Costs on the basis that costs are "not available to a petitioner in a federal habeas corpus case."  (Mot. Retax at 2.)

### *Legal Standard*

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d)(1); *see also* Civil Local Rule 54.1(a) ("Unless otherwise ordered by the court, or stipulated by the parties, the prevailing party shall be entitled to costs.").  Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded.  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003); *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999); *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471-72 (9th Cir. 1995).  It is within the discretion of the district court to refuse to award costs.  *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).  If a district court elects not to award costs, the court must "specify reasons" for its refusal to tax costs to the losing party.  *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000).  In other words, the court must "explain why a case is not ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."  *Champion Produce*, 342 F.3d at 1022.

### *Discussion*

Respondent argues that a "bill of costs is not available to a petitioner in a federal habeas corpus case."  (Mot. Retax at 2.)  Petitioner argues that "as the prevailing party in this habeas proceeding, [Petitioner] is entitled to costs awarded by the Clerk of the Court because (1) habeas proceedings are generally subject to the Federal Rules of Civil Procedure, (2) . . . [Rule] 54(d) provides for an award of costs to the prevailing party as a matter of course absent a rule to the contrary[,] and (3) no rule or statute or other authority provides otherwise."  (Opp'n at 2.)

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent

with these rules, may be applied, when appropriate, to petitions filed under these rules." Rules Governing § 2254 Cases, Rule 11; *see also* Fed. R. Civ. P. 81(a)(2); *Reutter v. Solem*, 736 F. Supp. 1028, 1029 (D.S.D. 1990) ("There is no rule dealing explicitly with costs in a Federal habeas corpus action, therefore, the general rules of Civil Procedure apply."), *aff'd*, 923 F.2d 860 (8th Cir. 1990). As indicated above, Rule 54(d)(1) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. " Fed. R. Civ. P. 54(d)(1). Here, costs were not granted against the United States, its officers, or agencies, attorneys' fees were not requested, and Respondent has failed to show and the Court is unaware of any statute expressly providing that costs may not be awarded in cases brought pursuant to Section 2254.[1] Accordingly, a facial review of the relevant statutory authority indicates that costs may be awarded to prevailing petitioners under Section 2254.

Additionally, the Ninth Circuit, in *Sengenberger v. Townsend*, 473 F.3d 914 (9th Cir. 2006), refused to award the State of Idaho costs as the prevailing party in a Section 2254 proceeding on the basis that courts should consider the financial resources of the plaintiff and adequate mechanisms are in place, such as the certificate of appealability, to preclude the taking of frivolous appeals. The Ninth Circuit indicated that "we do not suggest that there is an absolute prohibition on costs in all circumstances." *Id.* at 915. Accordingly, if there is not an absolute prohibition on awarding the state costs in Section 2254 proceedings, such must also be the case for a successful petitioner challenging his confinement. *See also Reutter*, 736 F. Supp. at 1029 (denying costs in a Section 2254 proceeding to prevailing petitioner for costs incurred during state trial and state habeas proceeding, but allowing costs for the transcript for federal habeas corpus hearing, clerk's fees for the federal action, and miscellaneous fees).

Respondent's reliance on *Sloan v. Pugh*, 351 F.3d 1319 (10th Cir. 2003) and *O'brien v.*

---

[1] Respondent cites cases for the proposition that certain Federal Rules of Civil Procedure do not apply to habeas corpus proceedings, such as Rule 33 or Rule 12(b)(6). (*See* Mot. Retax at 2.) However, Respondent fails to provide any authority indicating that Rule 54(d) does not apply to such proceedings.

*Moore*, 395 F.3d 499 (4th Cir. 2005) is misguided. Both *Sloan* and *O'brien* dealt with a prevailing federal prisoner who sought attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). In deciding that the EAJA did not provide for attorneys' fees and costs, the Tenth Circuit drew a distinction between the EAJA being "designed primarily to provide financial incentives for contesting unreasonable government action" and the lack of a need for such incentive in challenging review of individual criminal confinement. *See Sloan*, 351 F.3d at 1322-23. Additionally, the Tenth Circuit reasoned that since the EAJA operates as a "waiver of sovereign immunity," the term "civil action" within the EAJA must be construed strictly. *See id.* at 1322. Likewise, the Fourth Circuit held that "sovereign immunity is presumed and cannot be overcome without an express and unequivocal statutory waiver," and "all ambiguities [must be] resolved in favor of the sovereign." *O'brien*, 395 F.3d at 503 (citing *Research Triangle Inst. v. Bd. of Governors of the Fed. Reserve Sys.*, 132 F.3d 985, 987 (4th Cir.1997); *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Accordingly, both the Forth Circuit and the Tenth Circuit refused to extend the EAJA's waiver of the United States' sovereign immunity to awards fees in habeas corpus proceedings. *See O'brien*, 395 F.3d at 508; *Sloan*, 351 F.3d at 1323.

Lastly, Respondent fails to explain "why, in the circumstances, it would be inappropriate or inequitable to award costs." *Champion Produce*, 342 F.3d at 1022. Accordingly, finding no statute or other authority expressly providing that costs may not be awarded in cases brought pursuant to Section 2254 and finding that Respondent has failed to rebut the strong presumption in favor of awarding costs to the prevailing party, the Court **DENIES** Respondent's Motion to Retax Costs.

## *Conclusion*

For the reasons set forth above, the Court **DENIES** Respondent's Motion to Retax Costs.

**IT IS SO ORDERED.**

DATED: April 27, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Porter
All Counsel of Record